COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-231-CR
  
 
  
STEVEN RAY CHILCUTT A/K/A                                               APPELLANT
STEVEN RAY CHUILCUTT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM THE 213TH 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Steven Ray Chilcutt a/k/a Steven Ray Chiulcutt appeals his conviction for sexual 
assault of a child. In a single point he complains that the evidence is legally 
insufficient to support his conviction because it does not prove penetration of 
the victim’s female sexual organ. We affirm.
I. 
FACTS
        D.H., 
the daughter of appellant’s girlfriend, testified that appellant stuck his 
finger in her vagina; that his finger went between her outer folds; that 
penetration into her vagina started when she was approximately fifteen; and that 
he put his finger inside her female sexual organ. Also, appellant signed a 
confession, admitting in part as follows:
  
Then 
we were discussing about masturbation again. She still didn’t understand. . . 
. I asked her permission if I could show a demonstration by pointing at vagina 
and showed her what to do. She didn’t understand about the concept. . . . Then 
with her permission again demonstrated the process with finger for a couple of 
minutes. . . . When this happened I was in chair.
 
        Further, 
Nurse Donna Duclow, a coordinator of the sexual assault examiner program at John 
Peter Smith Hospital, received an outcry from D.H. in March of 2002. She 
testified that D.H. said there were five such assaults and identified appellant 
as the perpetrator. In contrast to the foregoing evidence, D.H. testified that 
his actions were “swiping and touching.”
A. Standard of Review
        Evidence 
is legally sufficient if, when viewed in the light most favorable to the 
verdict, a rational trier of fact could have found the essential elements of the 
crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 
99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. 
Crim. App. 2001).
II. CONCLUSION
        Applying 
the appropriate standard of review to this evidence, we hold it is legally 
sufficient to establish penetration. Thus, we overrule appellant’s point and 
affirm the trial court’s judgment.


  
                                                                  BOB 
MCCOY
                                                                  JUSTICE
 
 
PANEL A:   CAYCE, 
C.J.; GARDNER and MCCOY, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: February 5, 2004
 

NOTES
1.  
See Tex. R. App. P. 47.4.